## HASKELL & al. *versus* HAZARD.

OF amending petitions for review.

This was a petition for the review of an action in which the petitioner had been defaulted.

There were three petitioners and they set forth, in the petition, that the default was occasioned by a mistake, and without their fault, and stated the circumstances under which it took place. The petition however, did not mention the names of any witnesses, by whom they expected to prove those circumstances.

On a suggestion that the petition was defective in that respect Webster, for the petitioners, submitted that, though in cases where there had been a trial, and where reliance was had upon newly discovered evidence, it was requisite to set forth the witnesses' names, it is otherwise in cases, where the matter passed, as this did, by default. He also asked leave to amend the petition, by inserting the names.

*Abbott*, for the respondent, objected to the amendment, for the reasons, —

I. that a supersedeas having been granted, and a bond thereupon filed, the bond would be vacated by the amendment.

II. that the petitioner's position would not be benefited by the amendment, because the bond given was ineffectual.

1. It was given in the penal sum of $1450. — whereas it should have been in the penal sum of $1338,28, that being double the

amount of the damages and costs rendered in the original suit, and the statute, ch. 123, § 8, requiring a bond for that amount.

2. Because there are three petitioners, and the condition of the bond is not that *they* shall pay, &c., but that *two* only of them should pay.

III. Because, though the *petition* is signed by *three*, the *bond* is executed by *two* of them only.

IV. Because the condition of the bond is, that the obligors shall pay the *amount of the bond* with interest, whereas the statute requires a condition that the obligors shall pay the amount of the damage and cost, with interest, in case such should be the judgment of the Court upon the review. It is, therefore, not a statute bond.

To these objections a reply was made by Webster.

After observing that there was an irregularity in addressing the application for the supersedeas, not to the Court but to one of its members, although when directed to the Court, one of them had authority to act upon it; and after further observing that as one of the Court, in granting the supersedeas, had passed upon the suitableness of the bond, there was no occasion to revise his decision, the Court granted leave to amend.